UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

MARK ARCHER,

                Plaintiff,          9:24-cv-2 (BKS/MJK)

v.

AIDAN FOX, TYLER RUBERA, TYMOR GEELEN,

                Defendants.

---

**Appearances:**

*Plaintiff pro se:*
Mark Archer
5132
Delaware County Correctional Facility
280 Phoebe Lane, Suite 6
Delhi, NY 13753

*For Defendants:*
Robert C. Whitaker Jr.
Frank Miller
Hancock Estabrook, LLP
1800 AXA Tower I
100 Madison Street
Syracuse, NY 13202

**Hon. Brenda K. Sannes, Chief United States District Judge:**

### MEMORANDUM-DECISION AND ORDER

### I.    INTRODUCTION

Plaintiff Mark Archer brought this action under 42 U.S.C. § 1983, asserting that Defendants Aidan Fox, Tyler Rubera, and Tymor Geelen used excessive force against him or failed to intercede in that use of force in violation of his right to be free from cruel and unusual punishment under the Eighth Amendment. (Dkt. No. 1). Plaintiff also filed a motion to proceed in forma pauperis ("IFP"). (Dkt. No. 2). The matter was referred to United States Magistrate

Judge Mitchell J. Katz. (Dkt. No. 4). On January 31, 2024, the Court granted Plaintiff's motion to proceed IFP and found that Plaintiff's excessive force claims against all Defendants survived sua sponte review and required a response. (Dkt. No. 7). Plaintiff filed an amended complaint on March 5, 2024, which Magistrate Judge Katz accepted for filing, finding Plaintiff's excessive force claims against all Defendants survived review and required a response. (Dkt. No. 16).[1] Defendants subsequently filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. No. 22). Plaintiff filed a response containing a statement of additional facts in support of his complaint, (Dkt. No. 25), a part of which had been previously filed, (Dkt. No. 11). Defendants submitted a reply. (Dkt. No. 26).

On October 17, 2024, Magistrate Judge Katz issued a Report-Recommendation, recommending that Defendant's motion to dismiss be denied in all respects and that to the extent Plaintiff purports to raise a claim for First Amendment retaliation, that such a claim be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). (Dkt. No. 29). The parties were informed that they had fourteen days within which to file written objections to the Report-Recommendation under 28 U.S.C. § 636(b)(1), and that the failure to object to the report within fourteen days would preclude appellate review. (*Id.*). Defendants timely filed objections to the Report-Recommendation. (Dkt. No. 30).[2] For the reasons set forth below, the Report-Recommendation is adopted in its entirety.

---

[1] The Court explained that due to Plaintiff's status as a pretrial detainee at the time of the events described in the complaint, his right to be free from excessive force is protected under the Due Process Clause of the Fourteenth Amendment. (Dkt. No. 7, at 5).

[2] Plaintiff also submitted a filing stating that he "do[es] not object" to the dismissal of the First Amendment retaliation claim because he "did not put it in the paperwork with the proper evidence." (Dkt. No. 31, at 1).

2

## II.  FACTS

The Court reviews de novo those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228 (N.D.N.Y. 2012) (citing Fed. R. Civ. P. 72(b)(2) and 28 U.S.C. § 636(b)(1)(C)). "A proper objection is one that identifies the specific portions of the [Report-Recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (citation omitted). Properly raised objections "must be specific and clearly aimed at particular findings" in the report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *See Kruger*, 976 F. Supp. 2d at 296. To the extent a party makes "merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original" submission, the Court will only review for clear error. *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) (citations and internal quotation marks omitted).

## III.  DISCUSSION

Defendants have not raised any objections to the legal standards on a motion to dismiss, relevant procedural history, or factual contentions as set forth in the Report-Recommendation. (*See* Dkt. No. 29, at 1–4). The Court therefore adopts Magistrate Judge Katz's summary of the relevant background and applicable law and presumes familiarity with those matters for the purposes of this decision. The Court also adopts those aspects of the Report-Recommendation to which neither party has raised a specific objection, finding no clear error therein. *See Kruger*, 976 F. Supp. 2d at 296.

Defendants' sole objection is that while "[t]he Report rightly concludes that Plaintiff does not allege that Defendant [Geelen] used any force against Plaintiff," "Plaintiff's causes [sic] of action for excessive force against Geelen was not dismissed." (Dkt. No. 30, at 4). The Court therefore examines de novo the issue of whether Plaintiff has sufficiently stated an excessive force claim against Defendant Geelen.

In establishing a Fourteenth Amendment excessive force claim, "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 576 U.S. 389, 396–97 (2015). Considerations relevant to determining the reasonableness of the use of force include "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." *Id.* at 397. Additionally, in order for a defendant to be found liable under Section 1983, "a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *Tangreti v. Bachmann*, 983 F.3d 609, 618 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)).

In his amended complaint Plaintiff states that all three of the defendants "used excessive force against" him, and that he suffered a shoulder injury "resulting from the use of such force by all three defendants." (Dkt. No. 15). In his opposition to the motion to dismiss Plaintiff asserts the following:

> Instead of being put in my cell like the others, and closing the door, I was thrown to the floor by Rubera. He then put his knee on my back, yanked my arm behind my back and put handcuffs on me. CO Fox sprayed me. Fox then left the cell to retrieve another set of handcuffs. This is when Officer Geelan [sic] came in the cell to help put cuffs on me. Fox then re-entered my cell, O.C. sprayed me again

4

> telling me, "I told you to stop pulling!" After that when I was cuffed, Rubera was forcing my face in the floor. Then I was told to, "Stand up!" Then Rubera slammed me into the wall 3 or 4 times, telling me, "If I want to play games with grievances, they can play games too." Fox was saying, "Who are you to claim Prea 'on us' us [sic] Rapo?" Rubera then twisted my fingers and arm up behind my head, where my left shoulder popped, slammed me into the wall one more time before taking me to intake.

(Dkt. No. 25, at 2).

The allegations in the amended complaint are completely conclusory and do not reveal the extent of Defendant Geelen's involvement. However, construing these submissions liberally, as is required when evaluating pro se filings, *see Estelle v. Gamble*, 429 U.S. 97, 106 (1976), Plaintiff plausibly alleges that Defendant Geelen helped to further restrain Plaintiff while he was already handcuffed and had been sprayed with O.C. spray. At this early stage of the case, the Court declines to find as a matter of law that Plaintiff has failed to state a claim against Defendant Geelen for excessive force. *See Lloyd v. City of N.Y.*, 246 F. Supp. 3d 704, 724 (S.D.N.Y. 2017) ("[C]ourts have found that handcuffing can give rise to a § 1983 excessive force claim where plaintiff suffers injury as a result." (quoting *Usavage v. Port Auth. of N.Y. & N.Y.*, 932 F. Supp. 2d 575, 592 (S.D.N.Y. 2013))).

Having otherwise reviewed the parts of the Report-Recommendation to which no objections were filed for clear error and found none, the Court adopts the Report-Recommendation.

## IV.  CONCLUSION

For these reasons, it is hereby

**ORDERED** that Magistrate Judge Katz's Report-Recommendation, (Dkt. No. 29), is **ADOPTED**; and it is further

**ORDERED** that the Clerk attach plaintiff's written statement, (Dkt. No. 25, at 2–3), as Exhibit 1 to Plaintiff's amended complaint, (Dkt. No. 15); and it is further

**ORDERED** that Defendants' motion to dismiss, (Dkt. No. 22), be **DENIED**; and it is further

**ORDERED** that to the extent Plaintiff purports to raise a First Amendment retaliation claim, that cause of action be **DISMISSED without prejudice** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B); and it is further

**ORDERED** that the Clerk serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: February 11, 2025
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge