**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

MARK ARCHER,

                                    Plaintiff,                              9:24-cv-00002 (BKS/MJK)

v.

AIDAN FOX, TYLER RUBERA,
and TYMOR GEELEN,

                                    Defendants.

---

**Appearances:**

*Plaintiff Pro Se:*
Mark Archer, 25-R-3939
Elmira Correctional Facility
P.O. Box 500
Elmira, NY 14902

*For Defendants:*
Robert C. Whitaker
Hancock Estabrook, LLP
1800 AXA Tower I
100 Madison Street
Syracuse, NY 13202

**Hon. Brenda K. Sannes, Chief United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

## I.      INTRODUCTION

Plaintiff pro se Mark Archer commenced this action asserting claims under 42 U.S.C. §

1983 arising out of his incarceration as a pretrial detainee at Delaware County Correctional

Facility ("Delaware"). (Dkt. No. 15). Plaintiff alleges that Defendant Correction Officers Aidan

Fox, Tyler Rubera, and Tymon Geelen subjected him to excessive force, in violation of the

Fourteenth Amendment.[1] (*Id.*). On October 24, 2025, Defendants moved for summary judgment under Federal Rule of Civil Procedure 56. (Dkt. No. 37). Plaintiff filed a three-page letter response on November 3, 2025, opposing certain facts, stating that he was still incarcerated and did not have the resources "to give more information," and asking the Court to be mindful of those limitations when reading "through everything I have sent." (Dkt. No. 40, at 3). Defendants did not file a reply.

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.3(c), this matter was assigned to United States Magistrate Judge Mitchell J. Katz who, on January 28, 2026, issued a Report-Recommendation recommending that Defendants' motion for summary judgment be granted on the ground that Plaintiff failed to satisfy the Prison Litigation Reform Act's ("PLRA") requirement that he exhaust his administrative remedies prior to filing suit. (Dkt. No. 42, at 6 (citing 42 U.S.C. § 1997e(a))). Magistrate Judge Katz advised the parties that under 28 U.S.C. § 636(b)(1), they had fourteen days within which to file written objections to the report and that the failure to object to the report within fourteen days would preclude appellate review. (*Id.* at 11). As neither party has filed objections, the Court has reviewed the Report-Recommendation for clear error. *See Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 359 (2d Cir. 2025). Upon such review, the Report-Recommendation is rejected and summary judgment is denied with leave to renew for the reasons that follow.

---

[1] The Report-Recommendation identifies Plaintiff's excessive force claim as falling under the Eighth Amendment. (Dkt. No. 42, at 1). However, Plaintiff was a pretrial detainee at the time of the alleged use of excessive force, not a convicted prisoner, thus, the Fourteenth Amendment applies. *See Russell v. Scott*, 170 F.4th 83, 93 (2d Cir. 2026) (applying Fourteenth Amendment to pretrial detainee's claims, explaining that "[p]retrial detainees have not been convicted of a crime and thus may not be punished in any manner—neither cruelly and unusually nor otherwise" (quoting *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017)). Any error is immaterial to the disposition of the present motion, which is based on exhaustion of administrative remedies.

## II.    FACTS

According to Plaintiff, on November 29, 2023, Defendant Correction Officers Fox, Rubera, and Geelen assaulted Plaintiff in his cell and pepper-sprayed him twice, injuring his shoulder. (Dkt. No. 15, at 4; Dkt. No. 37-6, at 10–11, 43). Despite being familiar with Delaware's grievance process, and having filed grievances before and after the alleged assault, (Dkt. No. 37-6, at 36, 56, 61–66), Plaintiff did not file a grievance regarding the assault, (*id.* at 72). Plaintiff acknowledged that no one prohibited him from filing a grievance but stated that he did not grieve the assault because he feared being assaulted and pepper-sprayed "again over a grievance." (*Id.* at 40–41, 73).

## III.    DISCUSSION

### A.    Report-Recommendation

Before considering the merits of Defendants' argument, Magistrate Judge Katz summarized the summary judgment standard, the law governing the PLRA's exhaustion requirement, and Delaware's grievance and appeal process. (Dkt. No. 42, at 4–8). As to the merits, Magistrate Judge Katz recommended that the Court "should find that [Plaintiff] did not exhaust the administrative remedies available to him" and grant summary judgment in Defendants' favor. (*Id.* at 5–10). Citing Plaintiff's deposition testimony, Magistrate Judge Katz found that Plaintiff "*on his own*, admits that he was aware of the grievance program" , but he did not grieve the assault because he feared retaliation." (*Id.* at 9 (citing Dkt. No. 37-6, at 56–57, 72, 73)). Magistrate Judge Katz noted that Plaintiff testified that he did not "grieve the assault because he feared retaliation," but rejected retaliation as a basis for excusing exhaustion because Plaintiff did "not identify any specific incident or threat that causes this fear," explaining that "generalized fear—without any specific threat—is not enough to obviate the PLRA's exhaustion requirement." (*Id.* (citing *Thompson v. Kelly*, No. 18-cv-1235, 2019 WL 2374119, at *4, 2019

3

U.S. Dist. LEXIS 59180, at *12 (N.D.N.Y. 2019))). Based on the evidence that Plaintiff "filed

four grievances during the month of the assault" and "three grievances after the incident" and

Plaintiff had testified that a sergeant told him that he could file "'all the grievances [he] want[s]

on medical and the kitchen,'" Magistrate Judge Katz concluded that none of the exceptions to

exhaustion identified in *Ross v. Blake*, 578 U.S. 632, 642 (2016), applied because not only did

the record show that "the [Delaware] grievance process was available, and [Plaintiff] knew how

to use it," but, "[w]orse, Delaware County Correctional Facility staff seemed to encourage the

grievance process' use." (Dkt. No. 42, at 10 (quoting Dkt. No. 37-6, at 73)). Thus, Magistrate

Judge Katz recommended that Defendants' motion for summary judgment be granted. (*See id.*

(explaining that Plaintiff "admittedly failed to exhaust his claim, and that failure should not be

excused").

### B.    Analysis

The Court has reviewed the Report-Recommendation according to well-established

summary judgment standards, viewing the record in the light most favorable to Plaintiff as the

non-moving party. *See*, *e.g.*, *Gilles v. Repicky*, 511 F.3d 239, 243 (2d Cir. 2007). Additionally,

because Plaintiff's pro se Amended Complaint was sworn under penalty of perjury, (*see* Dkt. No.

15, at 5), the Court has considered it "as evidence for summary judgment purposes," *Brandon v.

Kinter*, 938 F.3d 21, 26 n.5 (2d Cir. 2019); *cf. Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir.

2010) (discussing the special solicitude afforded pro se litigants).

The Court finds no clear error in Magistrate Judge Katz's recitation of the law applicable

to exhaustion under the PLRA, analysis of the availability of the Delaware grievance process, or

recommended finding that Plaintiff did not grieve the incident at issue as those facts are

undisputed. However, in characterizing Plaintiff's fear of retaliation as "generalized," Magistrate

Judge Katz did not explain why Plaintiff's testimony that he was afraid he was "going to get beat

up and pepper-sprayed again" if he filed a grievance regarding the assault was not sufficiently specific. (Dkt. No. 37-6, at 41 ("It's not like they said you can't file a grievance on it. I just didn't file one because of the fact that . . . I was afraid for myself that I was going to get beat up and pepper-sprayed again by another officer, because they didn't like the fact that I was following their rules."); *see also id.* at 40 (Plaintiff testifying that he told his criminal defense lawyer that he was not going to submit a grievance regarding the November 29, 2023 incident "because of the fact that I was not going to get pepper-sprayed *again over a grievance*") (emphasis added)). The Court is cognizant that, on the current record, even with analysis, the fear Plaintiff articulated in his deposition might still be fairly characterized as "generalized," but when considered together with the reasons that follow, however, the Court finds it further supports the conclusion that summary judgment is not appropriate on the present record.

First, viewed in the light most favorable to Plaintiff, there is evidence Plaintiff was told that only certain categories of grievances (which did not include assault) were acceptable. During his deposition, when asked why the fear of assault did not stop him from filing other grievances after the incident, Plaintiff replied that "Sergeant Blanco," who investigated grievances at Delaware, told him he could "file all the grievances [he] want[ed] on medical and kitchen. They don't care about that." (*Id.* at 39, 41). Magistrate Judge Katz construed this testimony in Defendants' favor, finding it suggested that Delaware encouraged the filing of grievances. (Dkt. No. 42, at 10). But viewed in the light most favorable to Plaintiff, a fact finder could conclude Sergeant Blanco was suggesting that grievances on issues *other* than medical or kitchen were *not* encouraged.

Second, despite Plaintiff's express statements during his deposition that a fear of retaliation was the reason he did not grieve the alleged assault, Defendants did not address

5

retaliation as a basis for excusing exhaustion in any of their moving papers.[2] Thus, granting summary judgment on the ground that Plaintiff, who is a pro se litigant, failed to raise a material issue of fact regarding his fear of retaliation when Plaintiff has had no opportunity to respond, would be improper.

Finally, the excerpts Defendants filed of Plaintiff's deposition are disjointed and appear to leave out relevant testimony. For example, page 17 of Plaintiff's deposition introduces the incident at issue, (*see* Dkt. No. 37-6, at 8 ("So let's talk about the incident a little bit. Do you remember the date it occurred on?"), but pages 18 through 28 are omitted, and the testimony on page 29 appears to jump to events mid-incident, (*see id.* at 9). Page 56 appears to contain Plaintiff's answer, or a portion of an answer, to a question concerning grievances and the dates surrounding the November 29, 2023 alleged assault, but as page 55 (which presumably contains the beginning or Plaintiff's answer or the question) was not provided, the testimony is difficult to interpret. (*Id.* at 24 (testifying that on "[t]he 30th, I got brought back down to intake, and it was to sign off the other . . . . eight or nine grievances that I had. Because I was told that if I didn't sign off grievances, this was going to happen to me every day"). The complete transcript may not make the testimony any more comprehensible, but as the gaps appear to concern central issues, and as Plaintiff is a pro se litigant, the Court finds caution is warranted.

---

[2] The absence of any discussion is notable since Plaintiff has asserted retaliation for filing grievances throughout the course of this litigation. Indeed, Plaintiff filed three, nearly identical statements in support of his claims, (Dkt. No. 5; Dkt. No. 11; Dkt. No. 25, at 2–3), one of which is attached to the Amended Complaint, (Dkt. No. 15-2), and all of which contain a more detailed narrative of the alleged assault on November 29, 2023, than reflected in the deposition excerpts Defendants filed in support of their motion for summary judgment. For example, in one statement, Plaintiff asserts that after being assaulted in his cell and being "sprayed" twice, he was "told to 'stand up'" at which point Defendant C.O. Rubera "slammed [Plaintiff] into the wall 3 or 4 times, telling [Plaintiff]" that if Plaintiff "want[ed] to play games with grievances, they can play games too," and that C.O. Rubera "continued yelling at [Plaintiff] about writing grievances" while escorting Plaintiff "to be 'decontaminated.'" (Dkt. No. 5, at 1; Dkt. No. 25, at 2). Although these statements are unsworn and thus are insufficient to raise a material issue of fact, they show that Plaintiff has asserted fear of retaliation as the reason he did not grieve the alleged assault throughout this case.

Accordingly, the Court rejects the Report-Recommendation and denies Defendants' motion for summary judgment with leave to file a renewed motion for summary judgment. Any such motion must include a complete copy of Plaintiff's deposition transcript and must again advise Plaintiff of the notification of the consequences of failing to respond to a motion for summary judgment.

## IV.    CONCLUSION

For these reasons, it is

**ORDERED** that the Report-Recommendation, (Dkt. No. 42), is **REJECTED** in its entirety; and it is further

**ORDERED** that Defendants' motion for summary judgment (Dkt. 37) is **DENIED with leave to refile by May 22, 2026**; and it is further

**ORDERED** that the Clerk serve a copy of this Order upon the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: May 1, 2026
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge

7